## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| MARILYN JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. A. NO. 22-0261-MU |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Marilyn Jackson brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her claim for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI"), based on disability, under Title XVI of the Act. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Doc. 9 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed. R. Civ. P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, … order the entry of a final judgment, and conduct all post-judgment proceedings.")). *See* Doc. 10. Upon consideration of the administrative record,

Jackson's brief, and the Commissioner's brief, it is determined that the Commissioner's decision denying benefits should be reversed and remanded.[1]

## I. <u>PROCEDURAL HISTORY</u>

On February 11, 2015, Jackson applied for a period of disability and DIB, under Title II of the Act, 42 U.S.C. §§ 423-425, and for SSI, under Title XVI of the Act, 42 U.S.C. §§ 1381-1383d. (Page ID. 291-304). Her application was denied at the initial level of administrative review on May 29, 2015. (Page ID. 177-88). On June 26, 2015, Jackson requested a hearing by an Administrative Law Judge (ALJ). (Page ID. 189-92). After a hearing was held on June 19, 2017 (Page ID. 72-95), the ALJ issued an unfavorable decision finding that Jackson was not under a disability from January 23, 2015 through the date of the decision, August 23, 2017. (Page ID. 53-64). Jackson appealed the ALJ's decision to the Appeals Council, which denied her request for review on May 14, 2018. (Page ID. 43-48). After exhausting her administrative remedies, Jackson sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c) on May 23, 2018. (PageID. 899-901).

While that case was pending before this Court, Jackson filed a new application for SSI on May 31, 2018. (PageID. 1213-18). The second claim was denied at the initial level of administrative review on July 26, 2108. (PageID. 1144-48). On August 9, 2018, Jackson requested a hearing by an Administrative Law Judge (ALJ). (Page ID. 1149-

---

[1] Any appeal taken from this Order and Judgment shall be made to the Eleventh Circuit Court of Appeals. *See* Doc. 9. ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the judicial circuit in the same manner as an appeal from any other judgment of this district court.").

52). After a hearing was held on August 22, 2019,[2] the ALJ issued an unfavorable decision finding that Jackson was not under a disability from May 23, 2018 through the date of the decision, October 23, 2019. (Page ID. 948-63). Jackson appealed the ALJ's decision to the Appeals Council on October 29, 2019. (PageID. 1238-41).

Jackson's first claim was remanded by United States Magistrate Judge Bivins on September 9, 2019. (PageID. 909-47). On December 20, 2019, the Appeals Council remanded both cases to the ALJ to be consolidated. (PageID. 969-72). An oral hearing for the consolidated claims was held on June 22, 2020, (PageID. 842-75), and the ALJ issued an unfavorable decision on July 9, 2020. (PageID. 800-36). Jackson appealed the ALJ's decision to the Appeals Council, which denied her request for review on May 12, 2022. (Page ID. 793-99). After exhausting her administrative remedies, Jackson sought judicial review in this Court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c) on June 30, 2022. (Doc. 1). The Commissioner filed an answer and the social security transcript on October 4, 2022. (Docs. 11, 12). Both parties filed briefs setting forth their respective positions. (Docs. 14, 15). The parties waived oral argument. (Docs. 17,18).

## II.  CLAIMS ON APPEAL

Jackson alleges that the ALJ's decision to deny her benefits is in error for the following reasons:

1) the ALJ's findings of no more than moderate mental limitations was not supported by substantial evidence;

2) the ALJ failed to fulfill her duty to fully and fairly develop the record regarding Jackson's mental impairments; and

---

[2] The transcript of this oral hearing is not contained in the Transcript.

3) the ALJ failed to fulfill her duty to fully and fairly develop the record regarding Jackson's limited use of her right hand.

(Page ID. 1951).

## III.  **BACKGROUND FACTS**

Jackson, who was born on June 19, 1969, was 45 years old at the time she filed her claim for benefits in 2015. (PageID. 184). The Court adopts by reference the background facts set forth in the earlier remand decision issued by Judge Bivins. (PageID. 911-13). Briefly stated, Jackson graduated from high school and completed vocational school for "secretarial tech;" she last worked at a convenience store as a cook and cashier from 2007 to 2011; she lives with her adult daughter; in November of 2012, she suffered a stroke and in October of 2013, she was hospitalized for an acute right lower extremity deep vein thrombosis, both of which have left her with some residual medical issues; and she has testified that she can no longer work because of difficulty balancing while walking, trouble lifting and holding things, drowsiness and fatigue due to her medications, back pain, hip pain, depression, anxiety, morbid obesity, and high blood pressure that is "not really" controlled with medication. (*Id.*).

## IV.  **ALJ'S DECISION**

After conducting a hearing on this matter, the ALJ determined that Jackson had not been under a disability from January 23, 2015, through the date of the decision, July 14, 2020, and thus, was not entitled to benefits. (PageID. 827-28). Because Jackson filed for DIB, as well as SSI, the ALJ initially found that she met the insured status requirements of the Act through June 30, 2016. (PageID. 806). At step one of the five-step sequential evaluation, the ALJ found that Jackson had not engaged in SGA since

January 23, 2015, the alleged onset date. (*Id.*). Therefore, she proceeded to an evaluation of steps two and three. The ALJ found that Jackson had severe impairments of morbid obesity, arthritis, mild degenerative disc disease, and depression, but that considering all of her impairments individually and in combination, Jackson did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (PageID. 806-16). After considering the entire record, the ALJ concluded that Jackson had the RFC to perform light work, with some exceptions: can occasionally lift and carry up to 20 pounds and frequently lift and carry up 10 pounds; can sit for seven hours out of an eight-hour day for three hours at any given time; can stand for two hours at a time for a total of four hours in an eight hour workday; can walk for 1 hour at a time for a total of two hours in a workday; can push and pull as much as she can lift and carry; can frequently operate foot and hand controls bilaterally; can climb ramps and stairs frequently but should never climb ladders, ropes, or scaffolding; can balance and stoop frequently, kneel occasionally, and should never crouch or crawl; can never work at unprotected heights; can frequently work in humidity and wetness, and extreme cold and heat; from a psychiatric standpoint, is able to understand, remember, and carry out simple instructions consistent with unskilled work activity; can have occasional contact with supervisors and coworkers, meaning working in proximity to others but not working in any type of a team type position; can have occasional contact with the general public; and is able to tolerate workplace changes that are infrequent and well-explained. (PageID. 816-26). After setting forth her RFC, the ALJ determined that Jackson is not capable of performing past relevant work. (PageID. 826). However, after considering her age, education, work experience, and RFC, the ALJ found that there are

jobs that exist in significant numbers in the national economy that Jackson can perform. (PageID. 826-27). Accordingly, the ALJ concluded that Jackson was not disabled within the meaning of the Act. (PageID. 827-28).

## V. STANDARD OF REVIEW

Eligibility for DIB and SSI benefits requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The impairment must be severe, making the claimant unable to do the claimant's previous work or any other substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-11. "Substantial gainful activity means work that … [i]nvolves doing significant and productive physical or mental duties [that] [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

In all Social Security cases, an ALJ utilizes a five-step sequential evaluation in determining whether the claimant is disabled:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairment in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Comm'r of Soc. Sec.,* 457 F. App'x 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)(f); *Phillips v. Barnhart,* 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden of

proving the first four steps, and if the claimant does so, the burden shifts to the Commissioner to prove the fifth step. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). However, placement of the burden to prove disability on the claimant does not relieve the ALJ of the duty to develop a full and fair record. *See Sims v. Astrue*, Civ. A. No. 3:09-cv-366-CSC, 2010 WL 2952686, at *2 (M.D. Ala. July 26, 2010) (citing *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985)).

If the claimant appeals an unfavorable ALJ decision, the reviewing court must determine whether the Commissioner's decision to deny benefits was "supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted); *see* 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel*, 631 F.3d at 1178 (citations omitted).  "In determining whether substantial evidence exists, [the reviewing court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Id*. When a decision is supported by substantial evidence, the reviewing court must affirm "[e]ven if [the court] find[s] that the evidence preponderates against the Secretary's decision." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986).

## VI. <u>DISCUSSION</u>

As set forth above, Jackson has asserted three reasons the Commissioner's decision to deny her benefits is in error. Based on the finding below that the third

asserted error requires remand to the Commissioner, the Court pretermits its discussion of the remaining issues. *See Jenkins v. Colvin*, CA 2:12-00465-N, 2013 WL 3465190, at *2 (S.D. Ala. July 10, 2013).

Jackson contends that the ALJ erred in this case because she did not develop a full and fair record regarding the extent of Jackson's weakness and loss of grip strength in her right hand. As noted above, even though a claimant has the burden of proving disability, the ALJ has a concomitant duty to develop a full and fair record. *See Sims*, 2010 WL 2952686, at *2 (citing *Kelley v. Heckler*, 761 F.2d 1538 (11th Cir. 1985)). In *Sims v. Apfel*, 530 U.S. 103 (2000), the Supreme Court stated that "Social Security proceedings are inquisitorial rather than adversarial;" therefore, the ALJ has a duty "to investigate the facts and develop the arguments both for and against granting benefits." *Id.* at 110-11, *quoted in Cox v. Astrue,* No. 5:11-CV-02319-LSC, 2012 WL 4008953, at *5 (N.D. Ala. Sept. 12, 2012).

An ALJ's affirmative duty to develop a full and fair record, in certain cases, "extends to obtaining a consultative examination when the same would be of benefit in the administrative process." *Waits v. Astrue*, CV 12-J-2371-NE, 2013 WL 625311, at *4 (N.D. Ala. Feb. 20, 2013) (citing 20 C.F.R. §§ 404.1517; 416.917); *accord Cox,* 2012 WL 4008953, at *5 ("The Commissioner's duty to develop the record includes ordering a consultative examination if one is needed to make an informed decision.") (citing *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (citing, in turn, *Ford v. Sec'y of Health & Human Servs.*, 659 F.2d 66, 69 (5th Cir. Unit B 1981))). "The failure of an ALJ to order a consultative examination, when such an evaluation is necessary to make an informed decision, constitutes justifiable cause for a remand to the

Commissioner." *Rease v. Barnhart*, 422 F. Supp. 2d 1334, 1372 (N.D. Ga. 2006) (citing *Reeves*, 734 F.2d at 522 n.1). "In determining whether it is necessary to remand a case for development of the record, [a court should consider] 'whether the record reveals evidentiary gaps which result in unfairness or clear prejudice.'" *Salazar v. Comm'r of Soc. Sec.*, 372 F. App'x 64, 67 (11th Cir. 2010) (quoting *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam)).

In this case, Jackson contends that one of the reasons she cannot work is due to weakness and diminished grip strength in her right dominant hand, which is a residual effect of a stroke she suffered in 2012. Most recently, at the hearing conducted on June 22, 2020, Jackson testified that she "barely [has] any use" of her right hand. (PageID. 859). She also testified that she can hold a coffee cup, but cannot lift a gallon of milk; that she cannot button her clothes; and that she does limited housework and uses her left hand to try to dust and mop. (PageID. 855-58). A review of Jackson's medical reports that are included in the Transcript filed by the Commissioner in this case reveal that Dr. Ronnie Chu was retained to perform a consultative examination, reviewed Jackson's records provided by Disability Determination Services, and examined her on April 21, 2015. (PageID. 542). Her chief complaints were CVA (stroke), DVT (right leg), migraines, and anemia. (*Id.*). His notes state that Jackson described her symptoms as "difficulty walking, standing, lifting, bending, pain in right shoulder, burning, numbness right leg, excessive menstruation, and decreased grip right hand" and that she described these symptoms as "continuous." (*Id.*). Notably for this analysis, Dr. Chu's physical examination revealed "right hand weakness" and "decreased grip in right

hand." (PageID. 544). Dr. Chu's diagnosis included "left over weakness in right hand but per patient is much improved."[3] (PageID. 545).

At the direction of the remand order entered by Judge Bivins, the ALJ analyzed Dr. Chu's report and accorded his findings regarding the weakness and diminished grip strength of her right hand little weight as to the period subsequent to his examination of Jackson because, in the view of the ALJ, "subsequent medical records document that the claimant regained strength in all extremities within 12 months of her alleged onset date of disability of January 23, 2015." However, the ALJ does not provide citation to any medical records that document that Jackson had regained strength in her right hand, specifically, and the Court's extensive review of the record has not located any such records. In light of the fact that Jackson's testimony at the hearing is directly contrary to the ALJ's conclusion, the Court finds that there is an evidentiary gap related to the extent of Jackson's weakness and loss of grip strength in her right hand. The ALJ discounted Dr. Chu's opinions because he rendered those opinions in 2015, which notably was within the dates covered by Jackson's claim for benefits, without fully developing medical evidence of the current status of her right hand. This evidentiary gap prevents the Court from properly analyzing whether the RFC accorded by the ALJ is supported by substantial evidence.

As discussed in *Sims*, 2010 WL 2952686, at *4, additional evidence is necessary "when the claimant's medical sources do not give sufficient medical evidence to make a determination as to disability." The *Sims* court found that the "inadequate development

---

[3] The notation that the weakness in her right hand was "much improved" lends little assistance to the analysis of the extent of impairment or disability without evidence of the initial extent of impairment.

of the record" necessitated  remand because "the court [could not] determine whether the ALJ's conclusion that the plaintiff [was] not disabled [was] based on substantial evidence." *Id.* at \*5. Likewise, here, this Court cannot determine whether the ALJ's conclusion that Jackson was not disabled was based on substantial evidence. "In determining whether remand is appropriate in cases such as this one, the Court must balance an ALJ's duty to develop a full and fair record against a claimant's responsibility to prove disability." *Jenkins*, 2013 WL 3465190, at \*6. Considering the nonadversarial nature of Social Security administrative proceedings, the Court finds that the scale tips in favor of remand in this case.

## <u>CONCLUSION</u>

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff Marilyn Jackson's claim for benefits be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the **27th** day of **September, 2023**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**